MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
MICAELA ABAD HERRERA, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

-against-

FORMULA 1 CLEANERS, INC. (D/B/A FORMULA 1 CLEANERS), OLGA SHERMAN, and JONATHAN DOE,

                *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Micaela Abad Herrera ("Plaintiff Abad" or "Ms. Abad"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Formula 1 Cleaners, Inc. (d/b/a Formula 1 Cleaners), ("Defendant Corporation"), Olga Sherman and Jonathan Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

1. Plaintiff Abad is a former employee of Defendants Formula 1 Cleaners, Inc. (d/b/a Formula 1 Cleaners), Olga Sherman and Jonathan Doe.

2. Defendants own, operate, or control a laundromat, located at 780 East 134 St. Bronx, New York, 10454 under the name "Formula 1 Cleaners".

3. Upon information and belief, individual Defendants Olga Sherman and Jonathan Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the laundry service as a joint or unified enterprise.

4. Plaintiff Abad was employed as an ironer at the laundry service located at 780 East 134 St. Bronx, New York, 10454.

5. At all times relevant to this Complaint, Plaintiff Abad worked for Defendants without appropriate minimum wage compensation for the hours that she worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Abad appropriately for any hours worked at the straight rate of pay.

7. Defendants' conduct extended beyond Plaintiff Abad to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Abad and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

9. Plaintiff Abad now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Abad seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Abad's state law claims under 28 U.S.C. § 1367(a).

12.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundromat located in this district. Further, Plaintiff Abad was employed by Defendants in this district.

**PARTIES**

*Plaintiff*

13.     Plaintiff Micaela Abad Herrera ("Plaintiff Abad" or "Ms. Abad") is an adult individual residing in New York County, New York.

14.     Plaintiff Abad was employed by Defendants at Formula 1 Cleaners from approximately 2013 until on or about November 30, 2019.

15.     Plaintiff Abad consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a laundromat, located at 780 East 134 St. Bronx, New York, 10454 under the name "Formula 1 Cleaners".

17.     Upon information and belief, Formula 1 Cleaners, Inc. (d/b/a Formula 1 Cleaners) is a domestic corporation organized and existing under the laws of the State of New York.

Upon information and belief, it maintains its principal place of business at 780 East 134 St. Bronx, New York, 10454.

18. Defendant Olga Sherman is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Olga Sherman is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Olga Sherman possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Abad, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant Jonathan Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jonathan Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Jonathan Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Abad, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

20. Defendants operate a laundromat located in The South Bronx section of the Bronx in New York City.

21. Individual Defendants, Olga Sherman and Jonathan Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Abad's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Abad, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff Abad (and all similarly situated employees) and are Plaintiff Abad's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Abad and/or similarly situated individuals.

26. Upon information and belief, Individual Defendant Olga Sherman operates Defendant Corporation as either an alter ego of herself and/or fails to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c) transferring assets and debts freely as between all Defendants,

  d) operating Defendant Corporation for her own benefit as the sole or majority shareholder,

  e) operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed Corporation,

  f) intermingling assets and debts of her own with Defendant Corporation,

  g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect her own interests, and

  h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff Abad's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Abad, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Abad's services.

28. In each year from 2015 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30. Plaintiff Abad is a former employee of Defendants who was employed as an ironer. Plaintiff Abad seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Micaela Abad Herrera*

31. Plaintiff Abad was employed by Defendants from approximately 2013 until on or about November 30, 2019.

32. Defendants employed Plaintiff Abad as an ironer.

33. Plaintiff Abad regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

34. Plaintiff Abad's work duties required neither discretion nor independent judgment.

35. From approximately March 2015 until on or about November 30, 2019, Plaintiff Abad worked from approximately 9:00 p.m. until on or about 3:30 a.m., 5 days a week, and from approximately 9:00 p.m. until on or about 4:00 a.m. 4 days a month (typically 30 to 40 hours per week).

36. Throughout her employment, Defendants paid Plaintiff Abad her wages by check.

37. From approximately March 2015 until on or about December 31, 2015, Defendants paid Plaintiff Abad $9.25 per hour.

38. From approximately January 2016 until on or about December 31, 2017, Defendants paid Plaintiff Abad $11.00 per hour.

39. From approximately January 2018 until on or about December 31, 2018, Defendants paid Plaintiff Abad $12.00 per hour.

40. From approximately January 2019 until on or about November 30, 2019, Defendants paid Plaintiff Abad $14.75 per hour.

41. Plaintiff Abad's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

42. For example, Defendants required Plaintiff Abad to continue working an additional 2 hours past her scheduled departure time two to three days a week, and did not pay her for the additional time she worked.

43. Plaintiff Abad was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

44. On a number of occasions, Defendants required Plaintiff Abad to sign a document, the contents of which she was not allowed to review in detail.

45. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Abad regarding overtime and wages under the FLSA and NYLL.

46. Defendants did not provide Plaintiff Abad an accurate statement of wages, as required by NYLL 195(3).

47. In fact, Defendants adjusted Plaintiff Abad's paystubs so that they reflected inaccurate wages and hours worked.

48. Defendants did not give any notice to Plaintiff Abad, in English and in Spanish (Plaintiff Abad's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

49. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Abad (and all similarly situated employees) to work without paying her appropriate minimum wage as required by federal and state laws.

50. Plaintiff Abad was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

51. Defendants' pay practices resulted in Plaintiff Abad not receiving payment for all her hours worked, and resulted in Plaintiff Abad's effective rate of pay falling below the required minimum wage rate.

52. Defendants habitually required Plaintiff Abad to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

53. Defendants' time keeping system did not reflect the actual hours that Plaintiff Abad worked.

54. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

55. On a number of occasions, Defendants required Plaintiff Abad to sign a document the contents of which she was not allowed to review in detail. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

56. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Abad (and similarly situated individuals) worked, and to avoid paying Plaintiff Abad properly for her full hours worked.

57. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

58. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Abad and other similarly situated former workers.

59. Defendants failed to provide Plaintiff Abad and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60. Defendants failed to provide Plaintiff Abad and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61. Plaintiff Abad brings her FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were

employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

62. At all relevant times, Plaintiff Abad and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

63. The claims of Plaintiff Abad stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

64. Plaintiff Abad repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were Plaintiff Abad's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Abad (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

66. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68. Defendants failed to pay Plaintiff Abad (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

69. Defendants' failure to pay Plaintiff Abad (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

70. Plaintiff Abad (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

71. Plaintiff Abad repeats and realleges all paragraphs above as though fully set forth herein.

72. At all times relevant to this action, Defendants were Plaintiff Abad's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Abad, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

73. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Abad less than the minimum wage.

74. Defendants' failure to pay Plaintiff Abad the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

75. Plaintiff Abad was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

76. Plaintiff Abad repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants failed to provide Plaintiff Abad with a written notice, in English and in Spanish (Plaintiff Abad's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

78. Defendants are liable to Plaintiff Abad in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

79. Plaintiff Abad repeats and realleges all paragraphs above as though fully set forth herein.

80. With each payment of wages, Defendants failed to provide Plaintiff Abad with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

81. Defendants are liable to Plaintiff Abad in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Abad respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Abad and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Abad's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Abad and the FLSA Class members;

(e)     Awarding Plaintiff Abad and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Abad and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Abad;

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Abad's compensation, hours, wages and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Abad;

(j)     Awarding Plaintiff Abad damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(k)     Awarding Plaintiff Abad damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff Abad liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)    Awarding Plaintiff Abad and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff Abad and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Abad demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

April 7, 2020

                                                     MICHAEL FAILLACE & ASSOCIATES, P.C.

By:       /s/ Michael Faillace
          Michael Faillace [MF-8436]
          60 East 42nd Street, Suite 4510
          New York, New York 10165
          Telephone: (212) 317-1200
          Facsimile: (212) 317-1620
          *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 3, 2020

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:

Legal Representative / Abogado:

Signature / Firma: *M. A. H*

Date / Fecha:

Micaela Abad Herrera

Michael Faillace & Associates, P.C.

3 de Abril 2020

Certified as a minority-owned business in the State of New York